NATHANIEL W. BRAGG & another *vs.* GEORGE S. RAYMOND & another.

It is no defence to a negotiable promissory note that the holder bought the same and commenced the suit with a design to injure, harass, and oppress the maker.

THIS action of contract was brought October 29th, 1851, to recover the amount of two promissory notes: one of $100 on demand with interest, dated January 25th, 1851, originally given by the defendants to Ashbell Goddard, and by him indorsed to the plaintiffs without recourse; the other for $80, on demand with interest, dated February 5th, 1851, originally given by the defendants to Peter Woodbury and by him indorsed to the plaintiffs without recourse. At the trial in the court of common pleas, before *Merrick*, J. the signatures of the defendants, and of the respective indorsers were ad-

mitted.    The defendants denied " that the plaintiffs were the just and legal holders of the notes, or that they have any right to maintain this action thereon, because the plaintiffs having no previous interest in said notes or either of them, did procure and obtain said notes of the respective payees thereof, with the unlawful and malicious design to commence and prose- cute an action thereon for the purpose of injuring, harassing, and oppressing the defendants; and that this action was com- menced and is prosecuted for the purpose of carrying into effect the unlawful and malicious design aforesaid," and they offered to prove by competent testimony that the plaintiffs, in consequence of some imaginary injury inflicted upon them by the defendants, entertaining vindictive feelings against them and with a malicious design to injure, harass, and oppress the defendants, and solely for that purpose, went and procured by paying the full value therefor, the notes declared on in this suit, which were held for a valuable consideration by the in- dorsers, for the express and sole purpose of commencing a suit thereon, and did forthwith commence this suit, and that for the same purpose and design the plaintiffs endeavored to ob- tain and did procure by purchase, one other demand held by another individual against the defendants, and forthwith at the same time this suit was commenced said plaintiffs com- menced a suit against these defendants upon said other de- mand for the express and sole purpose of breaking down, injuring, and oppressing these defendants, which demand the defendants had since paid.  And the defendants further offered to prove all the facts set forth in their answer.  But the presiding judge rejected the evidence, and ruled that if all the facts were proved as proposed by the defendants it would furnish no defence to this suit, whereupon the defendants, submitted to a verdict for the plaintiffs, and excepted to the ruling.

*N. Wood,* for the defendants.  1. The defendants contend that plaintiffs are not the *bonâ fide* holders and owners of these notes, and therefore the plaintiffs are obliged to show affirma- tively that they came honestly by them, under some valid and legal contract.  In so doing, the plaintiffs are obliged to show

their own misconduct and immoral acts. *Biggs* v. *Lawrence,* 3 T. R. 454; *Holman* v. *Johnson,* Cowp. 341; *Atherfold* v. *Beard,* 2 T. R. 610; *Shirly* v. *Sankey,* 2 Bos. & Pul. 130; *Blachford* v. *Preston,* 8 T. R. 89; *Da Costa* v. *Jones,* Cowp. 729. 2. To purchase these notes as the plaintiffs did, is an indictable offence. *Commonwealth* v. *McCullock,* 15 Mass. 227; *Commonwealth* v. *Davis,* 11 Pick. 434. Each act is barratrous, though three are necessary to constitute common barratry. 3. No man can build up a claim in a court of justice upon an illegal or immoral act of his own. *Swett* v. *Poor,* 11 Mass. 549; *Wheeler* v. *Russell,* 17 Mass. 258; nor can he in such court obtain the fruits of an unlawful bargain. *Russell* v. *De Grand,* 15 Mass. 35; *Springfield Bank* v. *Merrick,* 14 Mass. 322. 4. If these notes were procured with the design and intention imputed to the plaintiffs by the defendants, it constituted the crime of barratry or champerty. 4 Bl. Com. 134; 1 Bac. Ab. 508 & 574; 1 Hawk. P. C. 474. 5. The purpose for which the plaintiffs obtained these notes, and the mode adopted to enforce payment thereof, constitute a species of maintenance, and is clearly an offence against public justice. Com. Dig. Tit. Maintenance. 4 Bac. Ab. 488; 4 Bl. Com. 135; *Swett* v. *Poor,* 11 Mass. 549; 1 Hawk. P. C. 453; *Ward* v. *Bockkelen,* 2 Paige Ch. R. 289; *Commonwealth* v. *Davis,* 11 Pick. 434.

*G. H. Whitney,* for the plaintiffs.

THOMAS, J. The notes were given for a good consideration, were negotiable, and were purchased by the plaintiffs by payment of their full value. The defendants promised to pay the payee or his indorsee without special demand. Such was their legal undertaking. The suits were not malicious within the intendment of law. They were not only with probable cause, but with good legal cause. But two suits are brought where three might have been. The matters charged against the plaintiffs do not constitute barratry, maintenance, or champerty. They are suits in the plaintiffs' own right. They are for good legal cause. There are but two. 1 Russ. on Crimes, 185; 4 Bl. Com. 135; *Commonwealth* v. *Davis,* 11 Pick. 432; 1 Hawk. P. C. 535. The acts offered to be proved are in violation of the law of kindness, but they constitute no defence to this suit. *Exceptions overruled*